IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT L. JOSEPH, II,  No.: 2:21-cv-00050-WSH

    Plaintiff,  *Electronically Filled*

vs.

UNIVERSITY OF PITTSBURGH BARCO
LAW SCHOOL; DUQUESNE UNIVERSITY
LAW SCHOOL; and POINT PARK
UNIVERSITY,

    Defendants.

## MOTION TO DISMISS

AND NOW comes Defendant, POINT PARK UNIVERSITY ("Point Park"), by its attorneys, JONI M. MANGINO, ESQ., AARON H. WEISS, ESQ. and ZIMMER KUNZ, PLLC, and pursuant to F.R.C.P. 12(b)(6) files the following Motion to Dismiss and, in support thereof, avers as follows:

1. Plaintiff's Complaint, filed January 26, 2021, appears to assert three separate and independent claims against Defendants for three distinct alleged violations of his civil rights.

2. With regard to Point Park, as a preliminary note, although Plaintiff alleges this incident occurred in the "fall of 2018", public records confirm that this incident actually occurred on August 15, 201**7**. See Traffic Citation C3684769-4 and Complaint No. 2017000368, attached as Exhibits "A" and "B", respectively.

3. Plaintiff pleads that he was issued a ticket after admittedly parking in a loading zone for greater than the permitted 30 minutes. See Complaint, p. 7. See also Exhibit "A".

4. Plaintiff then adds the threadbare accusation that he was issued the ticket for "some racial or other animus." See Complaint, p. 7.

5. However tellingly, Plaintiff was not present at his vehicle when he was ticketed, see Complaint, p. 7, and therefore it would have been impossible for Point Park to discriminate against him when issuing the ticket, since only his vehicle was present.

6. In further contrast to any alleged discriminatory animus, Plaintiff asserts that he would utilize this space without issue "decades earlier" when he was a paying lessee of a dance studio at Point Park. See Complaint, p. 7.

7. Most shockingly, the docket reflects that Plaintiff was "guilty" and paid the fine for the exact ticket that he presently claims was improperly issued. See Traffic Docket, attached as Exhibit "C".

8. Regardless, Plaintiff then suggests that he was "visibly upset, yet steadfast in pursuing the officer writing the citation for an explanation." See Complaint, p. 7.

9. When he approached the officer on Point Park property he was "told to hit the deck, surrounded by 8 police officers, & sent to jail for 4 days and his car towed [sic]." See Complaint, p. 7.[1]

10. Additionally, in his request for relief, Plaintiff requests a total of $4,200,000 "to be divisible among the Defendants for damages of $3,000,000 and punitive damages of $1,200,000." See Complaint, p. 4.

11. Plaintiff generally avers depression and anxiety caused by Pitt and Duquesne, then with regard to Point Park Plaintiff claims that he suffered "duress" for his time in jail. See Complaint, p. 4.

---

[1] Although the Criminal Complaint attached as Exhibit "B" speaks for itself and differs drastically from Plaintiff's version of events, Point Park understands that Plaintiff's allegations can be accepted as true for purposes of this Rule 12 Motion.

12. By way of further context, Plaintiff has been a party to similar prior litigation for alleged violations of his civil or constitutional rights, all of which have been dismissed, as a matter of law:

- Joseph v. Allegheny Cty. Airport Auth., 152 Fed. Appx. 121, 122 (3d Cir. 2005) (affirming summary judgment and dismissing Plaintiff's claims of violations of his civil rights and first and fourth amendment rights after he improperly operated his limousine at the airport without proof of insurance, got into arguments with staff, and was cited for disorderly conduct and trespassing);

- Joseph v. Allegheny Cty. Airport Auth., 2019 U.S. Dist. LEXIS 24624 (W.D. Pa. Feb. 15, 2019) (granting a Motion to Dismiss Plaintiff's claims for alleged violations of his civil rights arising out of his limousine's use at the airport and towing of his vehicle) and 2019 U.S. Dist. LEXIS 107645 (W.D. Pa. June 27, 2019) (denying Plaintiff's subsequent Second Amended Complaint and Motion for Leave to File a Third Amended Complaint); and

- Joseph v. Allegheny Cty. Airport Auth., 842 A.2d 485, 488 (Pa. Commw. 2004) (affirming dismissal of Plaintiff's Writ of Mandamus to issue him an operating permit for his limousine).

13. In addition to the cases cited above, Plaintiff has been a party to twenty five (25) different lawsuits in Allegheny County between 1995 and 2019, including the following pertinent claims:

- Joseph v. UAL Corp., GD-97-008709 (C.P. Allegheny Aug. 26, 1997) (dismissing Plaintiff's Complaint against United Airlines for **violation of the statute of limitations**);

- Joseph v. Chisholm, GD-05-023229 (C.P. Allegheny July 31, 2006) (dismissing Plaintiff's defamation Complaint against defendant for **violation of the statute of limitations**);

- Joseph v. Barr, GD-98-011722 (C.P. Allegheny July, 20 1999) (sustaining preliminary objections filed by the City and Police);

- Joseph d/b/a J.N. Limousine v. Dept. of Transportation Bureau of Motor Vehicles, GD-98-006122 (C.P. Allegheny Apr. 28, 1999) (dismissing Plaintiff's Complaint against the Commonwealth); and

- Joseph v. Yellow Cab Co. of Pittsburgh, GD-95-018358 (C.P. Allegheny June 3, 1997) (awarding a non-jury verdict against Plaintiff and denying post-trial motions).

14. In light of the foregoing, Point Park raises the present Motion to Dismiss because (1) Plaintiff's claim was brought over one year past the applicable statute of limitations, (2) Plaintiff's Complaint fails to state a claim against Point Park, (3) Plaintiff's request for a specific amount of damages is legally improper, and (4) Plaintiff's request for punitive damages is legally improper.

15. Contemporaneous with the filing of this Motion, Point Park files its Brief in Support and incorporates it herein by reference as if set forth at length.

WHEREFORE, for the reasons set forth above, Defendant Point Park University respectfully requests that its Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

Respectfully submitted,

*/s/ Joni M. Mangino*
JONI M. MANGINO, ESQUIRE
Pa. I.D. #43586
mangino@zklaw.com
*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
PA I.D. # 320980
weiss@zklaw.com
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000 (tel)
(412) 281-1765 (fax)
Counsel for Defendant Point Park University

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within MOTION TO DISMISS was forwarded to counsel and parties below by electronic delivery through the Court's ECF system on the 10th day of February, 2021. An additional copy has also been mailed to all unrepresented parties via U.S. mail, postage prepaid.

Herbert L. Joseph, II
432 Parkwood Rd.
Pittsburgh, PA 15210
(*Pro Se* Plaintiff)

Mariah L Passarelli, Esq.
Cozen O'Connor
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219-1410
(Counsel for University of Pittsburgh)

Steven W. Zoffer, Esq.
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(Counsel for Duquesne University)

Respectfully submitted,

*/s/ Joni M. Mangino*
JONI M. MANGINO, ESQUIRE
Pa. I.D. #43586
mangino@zklaw.com
*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
PA I.D. # 320980
weiss@zklaw.com
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000 (tel)
(412) 281-1765 (fax)
Counsel for Defendant Point Park University