IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT L. JOSEPH, II,            No.: 2:21-cv-00050-WSH

       Plaintiff,              *Electronically Filled*

     vs.

UNIVERSITY OF PITTSBURGH BARCO
LAW SCHOOL; DUQUESNE UNIVERSITY
LAW SCHOOL; and POINT PARK
UNIVERSITY,

       Defendants.

## **BRIEF IN SUPPORT OF MOTION TO DISMISS**

AND NOW comes Defendant, POINT PARK UNIVERSITY ("Point Park"), by its attorneys, JONI M. MANGINO, ESQ., AARON H. WEISS, ESQ. and ZIMMER KUNZ, PLLC, and pursuant to F.R.C.P. 12(b)(6) files the following Brief in Support of its Motion to Dismiss and, in support thereof, avers as follows:

**I.**     **Pertinent Facts and Procedural History**

Plaintiff's Complaint appears to assert three separate and independent claims against Defendants for three distinct alleged violations of his civil rights. Essentially, Plaintiff pleads the following against each Defendant:

1. **University of Pittsburgh School of Law** ("Pitt"): On February 19, 2020, Plaintiff was allegedly charged with criminal trespass after kneeling to pray in the law library and having an altercation with an employee. See Complaint, p. 4.

2. **Duquesne University School of Law** ("Duquesne"): In the spring/summer of 2020, Plaintiff was allegedly removed from Duquesne's waiting area and told to never return after suggesting he had knowledge about the death of former student Dakota James. See Complaint, pp. 6, 11.

3. **Point Park**: In the "fall of 2018" Plaintiff was arrested for "pursu[ing]" a Point Park officer after he received a ticket for illegally parking in a loading zone. See Complaint, p. 7.

Accordingly, the only conceivable relation between the Defendants is that all three are universities in the City of Pittsburgh.[1]

With regard to the Point Park incident, as a preliminary note, although Plaintiff alleges this incident occurred in the "fall of 2018", public records[2] confirm that this incident actually occurred on August 15, 201**7**. See Traffic Citation C3684769-4 and Complaint No. 2017000368, attached to Point Park's Motion as Exhibits "A" and "B", respectively. Plaintiff pleads that he was issued a ticket after admittedly parking in a loading zone for greater than the permitted 30 minutes. See Complaint, p. 7. See also Exhibit "A" (confirming the ticket was issued for violation of 75 Pa.C.S. § 3353(a)(3)(ii): "Park[ing] a vehicle . . . [a]t any place where official signs prohibit parking.").

Plaintiff then adds the threadbare accusation that he was issued the ticket for "some racial or other animus." See Complaint, p. 7. However tellingly, Plaintiff was not present at his vehicle when he was ticketed, see Complaint, p. 7, and therefore it would have been impossible for Point Park to discriminate against him when issuing the ticket, since only his vehicle was present. In further contrast to any alleged discriminatory animus, Plaintiff asserts that he would utilize this space without issue "decades earlier" when he was a paying lessee of a dance studio at Point Park. See Complaint, p. 7.

Regardless, Plaintiff then suggests that he was "visibly upset, yet steadfast in pursuing the officer writing the citation for an explanation." See Complaint, p. 7. When he approached the

---

[1] Since the incidents at Duquesne and Pitt are not pertinent to Plaintiff's claim against Point Park, they will not be addressed further.

[2] This Honorable Court is permitted to take judicial notice of the correct date and these public records for purposes of the present Motion. See e.g. Golden v. Cook, 293 F. Supp. 2d 546, 551 (W.D. Pa. 2003) ("courts are permitted to consider matters of which they may take judicial notice, including . . . publicly available records and transcripts from judicial proceedings" in ruling on a Motion to Dismiss); Frantz v. Kingston Police Dept., 2015 U.S. Dist. LEXIS 56046, *4-5 n.1 (M.D. Pa. Apr. 9, 2015) ("state court proceedings are public records of which this Court may properly take judicial notice in dismissing an action as frivolous or for failure to state a claim."). Yet, even assuming Plaintiff's time frame of the fall of 2018 to be true, the same arguments and bases for dismissal still apply.

officer on Point Park property he was "told to hit the deck, surrounded by 8 police officers, & sent to jail for 4 days and his car towed [sic]." See Complaint, p. 7.[3]

Additionally, in his request for relief, Plaintiff requests a total of $4,200,000 "to be divisible among the Defendants for damages of $3,000,000 and punitive damages of $1,200,000." See Complaint, p. 4. Plaintiff generally avers depression and anxiety caused by Pitt and Duquesne, then with regard to Point Park Plaintiff claims that he suffered "duress" for his time in jail. See Complaint, p. 4.

By way of further context, Plaintiff has been a party to similar prior litigation for alleged violations of his civil or constitutional rights, all of which have been dismissed, as a matter of law:

- Joseph v. Allegheny Cty. Airport Auth., 152 Fed. Appx. 121, 122 (3d Cir. 2005) (affirming summary judgment and dismissing Plaintiff's claims of violations of his civil rights and first and fourth amendment rights after he improperly operated his limousine at the airport without proof of insurance, got into arguments with staff, and was cited for disorderly conduct and trespassing);

- Joseph v. Allegheny Cty. Airport Auth., 2019 U.S. Dist. LEXIS 24624 (W.D. Pa. Feb. 15, 2019) (granting a Motion to Dismiss Plaintiff's claims for alleged violations of his civil rights arising out of his limousine's use at the airport and towing of his vehicle) and 2019 U.S. Dist. LEXIS 107645 (W.D. Pa. June 27, 2019) (denying Plaintiff's subsequent Second Amended Complaint and Motion for Leave to File a Third Amended Complaint); and

- Joseph v. Allegheny Cty. Airport Auth., 842 A.2d 485, 488 (Pa. Commw. 2004) (affirming dismissal of Plaintiff's Writ of Mandamus to issue him an operating permit for his limousine).

In addition to the cases cited above, Plaintiff has been a party to twenty five (25) different lawsuits in Allegheny County between 1995 and 2019. Although many of those dockets were not available to view electronically, they did include the following pertinent claims:

- Joseph v. UAL Corp., GD-97-008709 (C.P. Allegheny Aug. 26, 1997) (dismissing Plaintiff's Complaint against United Airlines for **violation of the statute of limitations**);

---

[3] Although the Criminal Complaint attached as Exhibit "B" speaks for itself and differs drastically from Plaintiff's version of events, Point Park understands that Plaintiff's allegations can be accepted as true for purposes of this Rule 12 Motion.

- Joseph v. Chisholm, GD-05-023229 (C.P. Allegheny July 31, 2006) (dismissing Plaintiff's defamation Complaint against defendant for **violation of the statute of limitations**);

- Joseph v. Barr, GD-98-011722 (C.P. Allegheny July, 20 1999) (sustaining preliminary objections filed by the City and Police);

- Joseph d/b/a J.N. Limousine v. Dept. of Transportation Bureau of Motor Vehicles, GD-98-006122 (C.P. Allegheny Apr. 28, 1999) (dismissing Plaintiff's Complaint against the Commonwealth); and

- Joseph v. Yellow Cab Co. of Pittsburgh, GD-95-018358 (C.P. Allegheny June 3, 1997) (awarding a non-jury verdict against Plaintiff and denying post-trial motions).

For the reasons set forth fully below, Plaintiff's claim against Point Park is legally insufficient and should be dismissed for both violation of the statute of limitations and failure to state a claim. Only to the extent Point Park is not dismissed in its entirety, Point Park further submits that Plaintiff's requests for a specific amount of damages and for punitive damages are legally improper.

**II.   Legal Argument**

   A.   Standard of Review

Plaintiff's claim is legally insufficient. Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. The United States Supreme Court has instructed that blanket assertions of entitlement to relief do not satisfy Rule 12(b)(6) and that the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Thus, to survive a Motion to Dismiss, the plaintiff must plead facts that set forth a "plausible" right to recovery. Id. at 556. See also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2007). Even under the federal notice pleading standard, "a plaintiff must do more than recite the elements of a cause of action, and then make a blanket

assertion of an entitlement to relief under it." Hellman v. Kercher, No. CIV.A. 07-1373, 2008 WL 1969311, *3 (W.D. Pa. May 5, 2008). In ruling on a motion to dismiss, legal conclusions couched as factual allegations are not entitled to any deference or presumption of truthfulness. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (noting that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss"). Thus, labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice to support a claim. Phillips, 515 F.3d at 231.

Furthermore, although Plaintiff in this case is proceeding *pro se*, he "is not absolved from complying with Twombly and the federal pleading requirements." Thakar v. Tan, 372 Fed. Appx. 325, 328 (3d Cir. 2010). To the contrary, courts are to treat *pro se* litigants "the same as any other litigant" and he or she "still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013).

> B. Plaintiff's Claim against Point Park was Initiated After the Passing of the Statute of Limitations

Plaintiff's only claim asserted against Point Park is for alleged violation of his civil rights pursuant to Section 1981.[4]

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[4] Although Plaintiff's Complaint also references the entirety of the Civil Rights Act of 1964, it fails to allege with any specificity how the Act has been violated or what remedy he is seeking. Furthermore, the Complaint fails to clarify if such a claim is being brought against Point Park or the other Defendants. Thus, Point Park's best understanding of Plaintiff's Complaint is that he is pursuing a private cause of action pursuant to 42 U.S.C. § 1981 et. seq. This Honorable Court has previously considered – and dismissed – similar claims by this Plaintiff and held that "[t]o the extent that Plaintiff intends to assert constitutional claims, such claims would appear to arise under 42 U.S.C. § 1983." See Joseph v. Allegheny Cty. Airport Auth., 2019 U.S. Dist. LEXIS 24624, *5 (W.D. Pa. Feb. 15, 2019) (Ambrose, J.).

42 U.S.C. § 1981. Although not specified by Plaintiff, Section 1981 provides the **right** to seek redress, whereas Section 1983 provides the **vehicle** to remedy that right: a cause of action. Thus, courts analyzing alleged violations of Section 1981 often refer to such claims as Section 1983 claims.

The United States Supreme Court has held that since there is no federal statute of limitations with respect to civil rights actions, courts should borrow the applicable statute of limitations from the tort law of the state where a claim arose to determine the statute of limitations for Section 1983 actions. Wallace v. Kato, 549 U.S. 384, 387 (2007). Pennsylvania state law provides a two year statute of limitations for personal injury / tort suits. 42 Pa.C.S. § 5524.

Consistent with the case law above, this Honorable Court has routinely and consistently applied Pennsylvania's two year statute of limitations to claims of alleged violations of Section 1983 for personal injury / tort. See e.g. Seneway v. Canon McMillan Sch. Dist., 969 F. Supp. 325, 329 (W.D. Pa. 1996) (Lee, J.) ("plaintiff's claims under § 1983 and Title IX are governed by Pennsylvania's two-year statute of limitations."); Fortunato v. Handler, 969 F. Supp. 963, 966 (W.D. Pa. 1996) (Lee, J.) (same); Williams v. Prison Health Care Sys., 2011 U.S. Dist. LEXIS 118306, *6 (W.D. Pa. Oct. 13, 2011) (Kelly, J.) (same); Hankins v. Beard, 2011 U.S. Dist. LEXIS 18518, *19 (W.D. Pa. Jan. 13, 2011) (Baxter, J.) (same).

Here, Plaintiff's present claim appears to be for depression and/or anxiety and/or duress, arising from the three separate incidents described at all three Universities. See Complaint, p. 4. The Point Park incident occurred on August 15, 2017. Plaintiff's Complaint was not filed until January 26, 2021: 3 years, 5 months, and 11 days after the incident, and over a full year after the

passing of the applicable two year statute of limitations.[5] Finally, Plaintiff is no stranger to untimely litigation, as at least two prior lawsuits he has filed were dismissed for the same failure to bring the claim within the applicable statute. See Joseph v. UAL Corp., GD-97-008709 (C.P. Allegheny Aug. 26, 1997) (dismissing Plaintiff's Complaint against United Airlines for **violation of the statute of limitations**); and Joseph v. Chisholm, GD-05-023229 (C.P. Allegheny July 31, 2006) (dismissing Plaintiff's defamation Complaint against defendant for **violation of the statute of limitations**). Thus, he is familiar with the requirement to comply with the applicable statute of limitations, yet continuously fails to do so. Accordingly, Plaintiff's claim against Point Park is untimely, and should be dismissed, with prejudice.

    C.    <u>Plaintiff has Failed to State a Cause of Action against Point Park</u>

Section 1983 requires a plaintiff to demonstrate that he was deprived of a federal right, and that the person who deprived him of that right was "acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 2005). In order for a defendant to be liable, the plaintiff "would have to show that it had an established policy or custom that resulted in the alleged constitutional violation at issue." Joseph v. Allegheny Cty. Airport Auth., 152 Fed. Appx. 121, 123-24 (3d Cir. 2005) (citing Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978)).

> As this Honorable Court has already explained to Plaintiff just two years ago:
>
> a plaintiff must allege facts to show that "(1) an unconstitutional policy or custom (2) attributable to the [defendant] (3) caused an official to inflict a constitutional injury upon the plaintiff." It is not sufficient "to allege the mere existence of such a policy or custom."
>
> While Plaintiffs need not plead detailed facts regarding the alleged policy, custom, or practice, they must, in the very least, plead facts that: (a) put Defendants on

---

[5] Alternatively, even ignoring judicial notice and accepting Plaintiff's version of facts – that this incident purportedly took place in "the fall of 2018" – would still result in his claim being dismissed as being filed months after the passing of the statute of limitations.

notice with regard to the basis for the alleged policy, custom, or practice; and (b) "show" that she is entitled to relief as a result of that policy, custom, or practice.

Plaintiff's Amended Complaint does not sufficiently allege a policy or custom, and thus is deficient in this regard.

Joseph v. Allegheny Cty. Airport Auth., 2019 U.S. Dist. LEXIS 24624, *9-10 (W.D. Pa. Feb. 15, 2019) (Ambrose, J.) (internal citations omitted).

Only if such constitutional violation is shown, then plaintiff can pursue a claim under Section 1983 against a private actor only where (1) "the deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . and (2) the party charged with the deprivation [is] a person who may be fairly said to be a state actor." Lugar v. Edmondsmon Oil Co., 457 U.S. 922, 937 (1982). Notably, this Honorable Court has previously held that Point Park is **not** a public body for purposes of the Pennsylvania Whistleblower Law, and accordingly it should not now be deemed a state actor for purposes of Plaintiff's claim. See Davis v. Point Park Univ., 2010 U.S. Dist. LEXIS 125867, *27 (W.D. Pa. Nov. 30, 2010).

Here, Plaintiff's Complaint concedes that he was issued a ticket after admittedly parking in a loading zone for greater than the permitted 30 minutes. See Complaint, p. 7. Although Plaintiff sets forth the threadbare legal conclusion that he was issued the ticket for "some racial or other animus", see Complaint, p. 7, he provides no factual allegations to raise a right to relief above the purely speculative level. Tellingly, Plaintiff was not present at his vehicle when he was ticketed, see Complaint, p. 7, and therefore it would have been impossible for Point Park to discriminate against him when issuing the ticket, since only his vehicle was present. In further contrast to any alleged discriminatory animus, Plaintiff asserts that he previously utilized this space without issue "decades earlier" when he was a paying lessee. See Complaint, p. 7. Plaintiff's repeated history of

filing litigation for claims of violations of his civil or constitutional rights further exemplifies the lack of any factual averments to support his current claim. See e.g. Joseph v. Allegheny Cty. Airport Auth., 152 Fed. Appx. 121, 122 (3d Cir. 2005); Joseph v. Allegheny Cty. Airport Auth., 2019 U.S. Dist. LEXIS 24624 (W.D. Pa. Feb. 15, 2019). Notably, his prior federal lawsuit also involved an allegation where his vehicle was towed from a loading zone in downtown Pittsburgh. See Complaint, ¶ 10, 2:18-cv-752 (W.D. Pa. June 12, 2018).

Issuing anyone a ticket for violation of the applicable 30 minute loading zone sign is, as a matter of law, not a violation of any civil right. See 75 Pa.C.S. § 3353(a)(3)(ii). To the contrary, it was Plaintiff who admittedly violated the law and received the appropriate ticket. See Exhibit "A". Most shockingly, the docket reflects that Plaintiff was "guilty" and paid the fine for the exact ticket that he presently claims was improperly issued. See Traffic Docket, attached to Point Park's Motion as Exhibit "C".

Finally, there has been no allegation by Plaintiff to suggest that Point Park was acting under color of state law for issuing him this ticket. However, as explained above, the Court need not even reach this consideration, as there has been no alleged discrimination. Accordingly, Plaintiff's claim against Point Park fails to state a claim as a matter of law, and should be dismissed, with prejudice.

D.     Plaintiff's Complaint Improperly Requests a Specific Amount of Money for Alleged Personal Injuries

Solely to the extent Point Park is not dismissed from this case in its entirety, Point Park further asserts that requests for specific dollar amounts for pain and suffering are legally impermissible. Specifically, the Third Circuit has held that a plaintiff **may not** request a specific dollar amount for pain and suffering. Waldorf v. Shuta, 896 F.2d 723, 744 (3d Cir. 1990). See also R.D. v. Shohola, Inc., 2019 U.S. Dist. LEXIS 200126, *6 (M.D. Pa. Nov. 19, 2019) (precluding plaintiff from requesting a specific dollar amount for pain and suffering).

Here, Plaintiff's Complaint appears to allege mental damages of depression and/or anxiety and/or duress. See Complaint, p. 4. Yet, his demand requests a specific amount of damages – $4,200,000 – in direct violation of federal law, as cited above. Therefore, to the extent Point Park is not dismissed from this case in its entirety, Plaintiff's request for specific monetary damages should be stricken.

E.  Plaintiff's Request for Punitive Damages should be Dismissed

Finally, pursuant to Section 1983, punitive damages may only be pursued upon proof that a defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Furthermore, punitive damages are "a limited remedy, to be reserved for special circumstances . . . in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief." Keenan v. City of Phila., 983 F.2d 459, 470 (3d Cir. 1992). Thus, to recover punitive damages, "a plaintiff must show more than a bare violation of § 1983." Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978). Accordingly, courts have dismissed punitive damage claims pursuant to Section 1983 where the allegations and evidence did not warrant imposition of such damages. See e.g. Brennan v. Norton, 350 F.3d 399, 430 (3d Cir. 2003).

As set forth fully in Section C above, Plaintiff's Complaint concedes that he was issued a ticket after admittedly parking in a loading zone for greater than the permitted 30 minutes. See Complaint, p. 7. He provides no factual allegations to raise a right to relief above the purely speculative level, let alone any evil motive. To the contrary, the ticket was issued to a vehicle that was illegally parked without any driver present. See Complaint, p. 7. Again, the docket reflects that Plaintiff was "guilty" and paid the fine for the exact ticket that he presently claims was improperly

issued. See Exhibit "C". Accordingly, Plaintiff's request for punitive damages fails as a matter of law, and should be stricken, with prejudice.

**III.    Conclusion**

For the reasons set forth above, Defendant Point Park University respectfully requests that its Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

                                      Respectfully submitted,

                                      */s/ Joni M. Mangino*
                                      JONI M. MANGINO, ESQUIRE
                                      Pa.  I.D. #43586
                                      mangino@zklaw.com
                                      */s/ Aaron H. Weiss*
                                      AARON H. WEISS, ESQUIRE
                                      PA I.D. # 320980
                                      weiss@zklaw.com
                                      Zimmer Kunz, PLLC
                                      310 Grant Street, Suite 3000
                                      Pittsburgh, PA 15219
                                      (412) 281-8000 (tel)
                                      (412) 281-1765 (fax)
                                      Counsel for Defendant Point Park University

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within BRIEF IN SUPPORT OF MOTION TO DISMISS was forwarded to counsel and parties below by electronic delivery through the Court's ECF system on the 10th day of February, 2021. An additional copy has also been mailed to all unrepresented parties via U.S. mail, postage prepaid.

Herbert L. Joseph, II
432 Parkwood Rd.
Pittsburgh, PA 15210
(*Pro Se* Plaintiff)

Mariah L Passarelli, Esq.
Cozen O'Connor
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219-1410
(Counsel for University of Pittsburgh)

Steven W. Zoffer, Esq.
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(Counsel for Duquesne University)

Respectfully submitted,

*/s/ Joni M. Mangino*
JONI M. MANGINO, ESQUIRE
Pa. I.D. #43586
mangino@zklaw.com
*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
PA I.D. # 320980
weiss@zklaw.com
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000 (tel)
(412) 281-1765 (fax)
Counsel for Defendant Point Park University