## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT L. JOSEPH, II, | ) | |
| | ) | |
| | ) | 2:21-cv-50-NR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH | ) | |
| BARCO LAW SCHOOL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court are each of the Defendants' motions to dismiss. ECF 8; ECF 13; ECF 20.  Plaintiff, proceeding *pro se*, opposes the motions.  ECF 28; ECF 34.  For the reasons below, the Court grants Defendants' motions to dismiss, and dismisses Plaintiff's claims with prejudice.

After construing Plaintiff's *pro se* complaint liberally as required, the Court finds that Plaintiff has failed to plead sufficient allegations to state plausible claims for relief, so dismissal is appropriate. Plaintiff's complaint "must do more than allege the plaintiff's entitlement to relief," and must instead "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (cleaned up). Legal conclusions are insufficient, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint must be dismissed. *Id.* at 210-11 (cleaned up).

Plaintiff's complaint fails to show plausible claims for relief as to any of the Defendants. To begin with, other than a single conclusory statement that Defendant Point Park acted with "some racial or other animus," Plaintiff's complaint fails to plead any protected status, unlawful discrimination or animus, contractual deprivation, or other evidence of a statutory or constitutional deprivation to support his unspecified Civil Rights Act or Section 1981 claims. Nor are there any allegations

in the complaint, save for barebones and conclusory assertions, supporting Plaintiff's RICO claims—indeed, there is no support in the complaint that raises a "possible" RICO claim, much less a "plausible" one.

Additionally, by his own allegations and arguments, Plaintiff's claims are barred by the applicable statute of limitations. His Civil Rights Act and Section 1981 claims against Defendant Point Park arose more than two years before he filed his complaint, and are thus time-barred. *See* ECF 4, p. 7; *Ke v. Ass'n of Pa. State College & Univ. Faculties*, 447 F. App'x 424, 425-26 (3d Cir. 2011) (explaining that the statute of limitations period in Pennsylvania is two years for Section 1981 claims that could have been brought under the pre-1990 version of Section 1981); *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (explaining that the 1991 amendment to Section 1981 concerned Section 1981's definition of "make and enforce contracts"); *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 235 (3d Cir. 2014) (stating that the statute of limitations period in Pennsylvania for any claim required to be brought under Section 1983 is two years).

Further, while Plaintiff may not amend his complaint through his opposition briefs to the motions, his opposition arguments indicate that his claims against Defendants University of Pittsburgh and Duquesne University are based on injuries that resulted from someone other than Defendants, or initially arose when he was a student in the 1980s (and of which he was aware at the time). *See* ECF 28; ECF 34. Thus, Plaintiff's claims against these Defendants are also time-barred. *See Ke,* 447 F. App'x at 425-26; *Tearpock*, 756 F.3d at 235; *see also Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 232-33 (3d Cir. 2004) (stating that the statute of limitations period is four years for a civil RICO claim); *Mathews v. Kidder, Peabody*

*& Co.*, 260 F.3d 239, 250-51 (3d Cir. 2001) (stating that "a RICO claim accrues when the plaintiffs should have discovered their injuries").

Accordingly, for all of these reasons, Plaintiff's allegations fall well short of surviving dismissal, and amendment would be futile. Therefore, Defendants' motions to dismiss (ECF 8; ECF 13; ECF 20) are hereby **GRANTED**, and Plaintiff's claims are hereby **DISMISSED with prejudice**.

DATE: November 19, 2021               BY THE COURT:

                                      /s/ *J. Nicholas Ranjan*
                                      United States District Judge